# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

**EUGENE CHEW, JR.**                                                                              **PLAINTIFF**

v.        **CASE NO. 3:10CV00199 BSM (Lead Case)**

**AMERICAN GREETINGS CORPORATION**                      **DEFENDANT**

**DAVID MARK DUNCAN and**                                    **PLAINTIFFS**
**NANCY DUNCAN**

v.        **CASE NO. 3:10CV00214 BSM (Member Case)**

**AMERICAN GREETINGS CORPORATION**                      **DEFENDANT**

**DANIEL CHASE HOSKINS and**                                 **PLAINTIFFS**
**WHITNEY DALE HOSKINS**

v.        **CASE NO. 3:10CV00124 BSM (Member Case)**

**AMERICAN GREETINGS CORPORATION**                      **DEFENDANT**

## ORDER

The motion to compel site inspection [Doc. No. 66] filed by plaintiffs David and Nancy Duncan is granted in part, subject to the parameters set forth herein.

This case concerns an electrical incident that occurred at the plant of defendant American Greetings Corporation ("American Greetings") on September 23, 2009. Defendant's Brief in Support of Response to Plaintiff's Motion to Compel Site Inspection

("Def's Brief in Supp. of Resp.") [Doc. No. 71], pgs. 2-3. Prior to the incident, Ronnie Housman, American Greetings' maintenance supervisor, was made aware of a hanging power line outside the plant facility that appeared disconnected from the corresponding transformer. Duncans' Reply to Defendant's Response to Motion to Compel ("Duncans' Reply") [Doc. No. 73], Attached Deposition of Ronnie Housman, p. 30, ln. 22 *through* p.31, ln 13. Housman checked the readings of electrical meters located at certain substations inside the facility to see if the hanging power line was causing interference with the downstream electrical current. *Id.* The plaintiffs, David Duncan, Eugene Chew, Jr., and Daniel Hoskins, were members of an electric utility crew called by American Greetings to repair the transformer and disconnected power line. Def's Brief in Supp. Of Resp., pg 2. While checking the voltage of the transformer, an arc flash occurred which resulted in injury to all three plaintiffs. *Id.* at pg. 3.

At dispute is whether the Duncans' expert, an electrical engineer, should be allowed access to certain areas inside American Greetings' facility. The Duncans claim their expert needs such access in order to inspect the electrical distribution system that runs downstream from the transformer that arc flashed. More specifically, the Duncans state that their expert needs access to the meters and corresponding substations located inside the plant that were checked by American Greetings' supervisor Ronnie Housman on the day of the arc flash. In response, American Greetings contends the downstream electrical system is irrelevant to the transformer that arc flashed. It further objects to the scope of the inspection as failing to describe "with reasonable particularity" each item or category of items to be inspected as

required by Federal Rule of Civil Procedure 34(b).

Having considered these arguments, there appears to be little relevance, if any, of the entire downstream interior electrical system, in general, to the transformer that arc flashed outside the facility. On the other hand, the conditions of the specific meters and corresponding substations that were checked by Housman on the day of the accident do appear to bear sufficient relevance so as to be discoverable under Rule 26(b). *See* Fed. R. Civ. P. 26(b) (stating that information sought in discovery is relevant and discoverable so long as it is "reasonably calculated to lead to the discovery of admissible evidence").

Therefore, the Duncans' motion to compel is granted in part, with the scope of the site inspection subject to the following parameters: The area of inspection must be limited to (a) the area on the exterior of American Greetings' facility that is near and around the transformer involved in the arc flash; (b) the meters and corresponding substations inside the facility that were checked by Ronnie Housman; and (c) the section of the downstream electrical distribution system that runs from the aforementioned transformer to the aforementioned meters and substations. The site inspection is to occur no later than September 21, 2012, and the deadline for expert disclosures is extended to October 5, 2012.

IT IS SO ORDERED this 14th day of September 2012.

_____
UNITED STATES DISTRICT JUDGE